## Case No. 6,896.

### HUNT et al. v. POOKE et al.

[5 N. B. R. (1872) 161.] [1]

District Court, D. Rhode Island.

BANKRUPTCY — DECEASE OF A PARTNER PRIOR TO ADJUDICATION—FORMER ADJUDICATION OF ONE OF THE PARTNERS—IMPRISONMENT OF BANKRUPT —PETITION SIGNED BY ATTORNEY.

1. The decease of one partner prior to any adjudication upon the question of bankruptcy, is not legal cause for dismissing the petition.

2. A firm may be declared bankrupts, although one of its members may have already been adjudicated on a creditor's petition.
[See note at end of case.]

3. Where it is proved that the bankrupt has been imprisoned but seven days exclusive of the first day, this of itself is not sufficient to support an adjudication of bankruptcy.

4. For the purposes of petitioning, a partnership is to be held to subsist so long as there are outstanding debts against the firm or assets undistributed belonging to it.
[See note at end of case.]

5. If neither the petition nor the deposition of the act of bankruptcy are signed by the petitioner, the defect is fatal.
[See note at end of case.]

In bankruptcy.

Tobey, Payne & Jenckes, for petitioners.
B. N. & S. S. Lapham, for respondents.

KNOWLES, District Judge. The petition in this case was filed on the fifteenth of September, eighteen hundred and seventy, and process thereon ordered returnable October fifth, eighteen hundred and seventy. The petitioners named are Seth B. Hunt, Philip Til-

---

[1] [Reprinted by permission.]

linghast and Robert W. Aborn, of the city of New York, who represent that they are creditors of William Pooke and Anthony Steere, late partners as Pooke & Steere; and that said Pooke & Steere have committed an act of bankruptcy, namely: have been actually imprisoned for more than seven days on a civil action for a sum exceeding one hundred dollars. The petition is subscribed, "Hunt, Tillinghast & Co., petitioners, by Philip Tillinghast, Jr., special attorney." The oath or verification of this petition, though written "I, Philip Tillinghast, Jr., special attorney of the petitioners above named," etc., is subscribed similarly to the petition, as also is the deposition to the act of bankruptcy, although the deposition is drawn as that of Philip Tillinghast, Jr., of the city of New York, testifying simply as a witness. The deposition as to the petitioning creditors' claim, filed with their petition, was by the said Philip Tillinghast, Jr., and subscribed as above stated. On the fifth of October the respondents appeared by counsel, denying their bankruptcy, and waiving their right to a jury trial, whereupon the case was continued for hearing at a day future. On the fourteenth of October, one of the respondents, Steere, deceased, and on the suggestion of his death the case was further continued, to await an appointment of an administrator. On the appointment of Thomas E. Steere to that office, he was active to appear and assume the defence of the suit; and accordingly on the first of March, eighteen hundred and seventy-one, he entered an appearance and filed his motion in writing, that the said suit be abated and dismissed, because of the death of the said Anthony Steere. Neither party being prepared for a hearing on that day, the case was continued without special assignment until the seventh of June, when, by agreement, it was called for hearing before the court.

As the counsel for the petitioners was proceeding to state the case, as one of simply a denial of the act of bankruptcy, the court reminded the parties that a motion to dismiss upon some ground unknown to the court had been filed, and if that was not waived, to that must attention first be given. A conference between counsel then ensued, in the course of which it appeared that the respondents proposed raising many points of defence, other than that specified in their written motion, they contending, among other grounds, that there was "no case here—nothing to try." The result of the conference, as understood by the court was, that the respondents withdrew their specific motion to dismiss the petition, agreeing that under the general issue (so to speak), all imaginable defences were to be open to the respondents. In accordance with the arrangement, the opening on the part of the petitioners was but brief. Assuming and averring that the petition and all the accompanying papers were in due form, so far as they knew or had reason to believe, they maintained that a bare recital of the facts, as agreed upon by the parties, was alone necessary to show that a decree of bankruptcy should be entered against the respondents. What could be, or was to be submitted in opposition to this view, they had not as yet been apprised, and should not presume to anticipate. Concerning the facts—actual occurrences—the parties were not at variance, thus: The respondents, Pooke & Steere, once copartners, were on the forenoon of the eighth day of September, eighteen hundred and seventy, committed to the Providence county jail, as joint debtors, upon an execution issuing from the United States circuit court, for the sum of one hundred and eighty-seven thousand dollars and upwards, in favor of Hunt, Tillinghast & Company. That said Pooke, on the same day, gave bond as a prisoner for the jail limits, and to remain a true prisoner, and left the jail building; while said Steere, not giving such bond, remained in the jail building as a prisoner, until between ten and twelve o'clock a. m., September fifteenth, when said both Pooke and himself were discharged from their commitments, upon certificates from the proper officers that they had severally and respectively taken the poor debtor's oath, pursuant to the laws of Rhode Island and of the United States.

In view of these facts, it being also conceded that the petition in bankruptcy was filed before (by an hour or two), the taking of the oath by the respondents, the petitioners contended that the act of bankruptcy charged, (actual imprisonment for more than seven days), was fully proven, and there rested their case.

On behalf of the defence, several points were presented. One of them being, that the decease of Anthony Steere prior to any adjudication upon the question of bankruptcy, was legal cause for a dismissal of the petition as against both Steere and Pooke; and in regard to it, it seems sufficient to say, I must overrule it as untenable, in view of the provisions of the twelfth section of the bankrupt law [of 1867 (14 Stat. 522)].

A second point was, that the said Pooke had already been, as long ago as May twenty-sixth, eighteen hundred and sixty-nine, declared a bankrupt on a creditor's petition; to which it seems a sufficient answer, that the proceeding of eighteen hundred and sixty-nine, was against said Pooke as an individual, without reference or allusion to any co-partnership then or theretofore existing between him and the said Steere, or any other person, while the pending petition is against him and Steere, as "late partners as Pooke & Steere," constituting a co-partnership or firm. An individual, it is obvious, may be hopelessly insolvent, while the firm of which he is a member is beyond question

able to pay all its liabilities on demand, and vice versa.

The third point of defence was one of greater nicety, as it involved the question stated in brief, whether an imprisonment commencing on the forenoon of the eighth of September, eighteen hundred and seventy, and terminating before noon on the fifteenth of that month, was actual imprisonment for more than seven days within the meaning of the thirty-ninth section of the bankrupt act?

The only act of bankruptcy charged, as above stated, was such imprisonment; and this, it was contended on behalf of the respondents, was not shown by the agreed facts. That the parties were imprisoned on the eighth of September and on the seven succeeding days was conceded, and this, argued the petitioners, was an imprisonment of more than seven days. On the contrary, argued the respondents, firstly, the statute prescribes expressly, that in computing periods of days, the first day is to be excluded; and secondly, under certain circumstances, days are to be decreed to be consecutive periods of twenty-four hours, irrespective of sunrisings or sunsets; and in this case the parties were in prison but seven of such periods at the most. And as bearing upon the second point the court's attention was directed by the respondents to many authorities. The pertinence and cogency of these, it seems not necessary to consider here, inasmuch as I am constrained to hold that the proper rule of computation is found in the forty-eighth section of the statute, thus expressed: "In all cases in which any particular number of days is prescribed by the act, for the doing of any act, or for any other purpose, the same shall be reckoned, in the absence of any expression to the contrary, exclusive of the first and inclusive of the last day." Adopting this as the rule of computation, it is manifest that the respondents were not imprisoned more than seven days, and that the act of bankruptcy charged is not proven. The defendants were in prison, that is, in close jail, or upon the jail limits under bond, "actually imprisoned," in legal contemplation as I hold, six entire days and portions of two other days (the first and eighth), seven days only—if the first day be excluded in conformity with the statute rule as above quoted—not eight days as contended by the petitioners. Upon this point, my judgment must be in favor of the respondents. The business men of the community are required to keep in view the provisions of the bankrupt law, and those provisions, it is to be assumed, are framed and phrased with reference to the needs and capacity of that class. When, therefore, the law expressly says, as in the passage quoted, that when a particular number of days is named "for any purpose," the same

shall be reckoned, "exclusive of the first day." The real question, in my judgment is, how would this be understood by readers in general? The obvious meaning, should, I think, be adopted as the legal meaning, at least until some sufficient reason be assigned for a ruling to the contrary. For such a reason I have sought, as yet without success.

Another point of defence was, that inasmuch as the said Pooke was adjudged a bankrupt in August, eighteen hundred and sixty-nine, the co-partnership between him and said Steere was then and thereby dissolved, and therefore they not being copartners at the date of the filing of the petition in this case, being in fact styled therein as "late partners," the petition would be dismissed.

This point, it must be granted, appears to be well taken, so long as we consider only the letter of the law. In view, however, of the exposition of the statute in this particular, to which my attention has been directed, especially that of Judge Lowell in Re Williams [Case No. 17,703], I hold the better law to be, that for the purposes of petitioning, a partnership is to be held to subsist, so long as there are outstanding debts against a firm, or assets undistributed belonging to the firm. By Judge Blatchford in Re Hartough [Id. 6,164], and in other cases, I am aware it has been held that only when there is in existence joint property undistributed, as well as outstanding liabilities, can a petition against a dissolved copartnership be maintained. Still, in view of the reasonings of the learned judge first named, I must concur with him, and overrule this point of the defence. That there are outstanding debts against the firm of Pooke & Steere is in proof, and whether or not there are assets undistributed, neither party at the hearing deemed it material to inquire.

Yet another point of defence was raised by the defendant, and that of more interest and importance than either of those hereinbefore considered. This was, that inasmuch as neither the petition nor the deposition of the act of bankruptcy was signed or sworn to by any one of the petitioners, but by a third person, assuming to be a "special attorney," the petition cannot be entertained; and in support of this objection the language of the act, and the forms of petitions, oaths and depositions prescribed by the supreme court, and the established usage in this district, are cited and referred to. This objection I must regard as well-founded—nay, insuperable. The reply to it on the part of the complainant, is not equal to the exigency.

It is said this point has been settled by adjudication against the defendant in other districts, whereas, so far as I can learn, the point presented has never before been raised. The district court of Maryland in Re Moore-

v. Harley [Case No. 9,764], held that an omission on the part of the petitioner to subscribe the affidavit to a creditor's petition, the petition itself being regularly subscribed and sworn to, was a fatal defect, "inasmuch as the forms prescribed by the supreme court required that the affidavit, as well as the petition, should be subscribed by the petitioners; the court holding, also, that the defect was incurable, since the petition was not a petition in propria forma, such as could be amended." This case, which is, I repeat, the only one brought to my notice as bearing on the point in question, supports, rather than antagonizes with, the objection under consideration.

It is said, again, that the bankrupt act does not, by its terms, require that the petition be verified by the oath of the petitioner, or be subscribed by the petitioner himself. This is true; but it also is true that the supreme court deemed it wise, in the exercise of the powers conferred upon them, to prescribe forms of proceedings to which parties are bound to conform as scrupulously as to the provisions of the act itself. That the petition, oaths and affidavits in this case are in conformity with those forms, is not pretended. And yet again it is said that the defect complained of should have been brought to the notice of the court and the petitioners at an earlier day, by a plea in abatement as it were, and that the omission or neglect of the defendants to do this, is, in legal effect, a waiver of all objection to irregularities of the kind under consideration. In this view of the learned counsel I am unable to concur, because, to say nothing of other satisfactory reasons, I understood that under the agreement of the parties made in the presence of the court on the day of hearing, the defendants were at liberty to assume whatever ground of defence they should deem fitting. It is true, no formal motion to dismiss the petition for substantial, incurable defects apparent on the record, was made by the respondents, but I cannot but hold that such a motion would have been in order on the moving of the hearing, entitled to immediate consideration, whatever the state of the pleadings, and of course cannot but hold that the objection is reasonably urged. It results, therefore, that for reason of incurable defects or irregularity in the petition and its accompanying affidavit, as well as for insufficient proof of the act of bankruptcy charged, the petition must be dismissed.

[NOTE. As long as there are undistributed partnership assets and partnership debts or liabilities, a firm may be adjudicated bankrupt. In re Gorham, Case No. 5,624. The adjudication of a firm in one district does not prevent a subsequent adjudication in another district of a firm which is partly composed of the same persons. In re Jewett, Id. 7,306. A petition can be signed and verified by an attorney or agent. In re Raynor, Id. 11,597. The non-residence of his principal should, however, be directly alleged. In re Hadley, Id. 5,894.]